By the Court.
 

 Prior to May 22, 1936, under certificate of convenience and necessity issued by the Public Utilities Commission, the Red Eagle Bus Company was operating over a route briefly described as follows:
 

 1. From "Wooster through Millersburg, Coshocton and New Concord to Cambridge;
 

 2. From Millersburg through Wilmot and Massillon to Canton;
 

 3. From Coshocton through Newcomerstown to Uhrichsville and Dennison;
 

 4. From Cambridge through Newcomerstown and Stone Creek to New Philadelphia;
 

 5. From New Philadelphia through Tuscarawas to U. S. Route 36, just west of Uhrichsville;
 

 6. From Wooster through Mt. Eaton and Wilmot to Beach City.
 

 On the date stated, the Red Eagle Bus Company filed an application to amend its certificate by extending its route from
 
 New Philadelphia through Hover and Strasburg to Beach City,
 
 the applicant volunteering to accept a restriction not to carry passengers whose entire ride should be between New Philadel
 
 *475
 
 pMa and Beach City or intermediate points, or from Cambridge to New Concord or intermediate points, or return'trips.
 

 To this application the Cádiz Bus Line Company, by its receiver Harry E. Dutt, filed its protest setting forth that it operated a bus line from Akron, Ohio, to Wheeling, West Virginia, through Massillon,
 
 Beach City, Strasburg, Dover, New Philadelphia,
 
 Dennison and Cadiz, returning over the same route, and, that if the extension sought by the applicant were granted the protestant would suffer a decrease in earnings and income.
 

 After two separate hearings, the Public Utilities Commission issued an order granting the extension applied for, with the restrictions that no passenger should be carried whose entire ride is between New Philadelphia and Beach City or intermediate points, or from Dover or New Philadelphia to Millersburg, or
 
 vice versa
 
 over the route through Strasburg, Wilmot and Berlin, applying only to terminals, however, and permitting pick-up and discharge of passengers at intermediate points between Beach City and Millersburg. Harry E. Dutt, the receiver, thereafter filed notice of appeal in this court. After the appeal was perfected the assets of the Cadiz Bus Line Company were sold to the Penn-Ohio' Coach Lines Company, and the latter, upon motion, was substituted as appellant in the proceedings.
 

 Before this court will interfere with an order of the Public Utilities Commission it must appear from a consideration of the record that the action of the Commission was unlawful or unreasonable.
 
 Hocking Valley Ry. Co.
 
 v.
 
 Public Utilities Commission,
 
 92 Ohio St., 362, 110 N. E., 952;
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 130 Ohio St., 258, 198 N. E., 869. The paramount purpose of the Motor Transportation Act is serving public convenience and necessity.
 
 McLain
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 1,
 
 *476
 
 143 N. E., 381;
 
 Warren-Salem Coach Line Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 383, 156 N. E., 453.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.
 

 Jones, J., not participating.